UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS WAYNE GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11CV00187 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S. C. § 2255 to vacate, set aside or correct sentence by Travis Wayne Gibson, a person in federal custody. On July 9, 2010, Gibson plead guilty before this Court to the offense of Possession of Pseudoephedrine with Intent to Manufacture Methamphetamine, and on October 13, 2010, this Court sentenced Owens to the Bureau of Prisons for a term of 72 months, a sentence within the sentencing guideline range. Gibson's § 2255 action is fully briefed, including Gibson's reply to the government's response, and ripe for disposition. USA v. Travis Wayne Gibson, Case No. 1:10CR00070-SNLJ.

### I. PROCEDURAL HISTORY

On April 8, 2010, Scott County Sheriff's Deputies conducted a knock and talk investigation at the residence of Travis Wayne Gibson near Benton, Missouri. (Plea Stip, p. 9) Gibson provided officers with consent to search his residence and officers located an amount of pseudoephedrine pills and some substance which tested positive for methamphetamine. (Id) Gibson waived his Miranda rights and told officers that he had obtained a total of 14 grams of methamphetamine from two different sources, and had somewhere between 1,400 and 1,500 pseudoephedrine pills. (Id at 10)

1,276 thirty milligram pseudoephedrine pills were recovered as well as some crushed pill material and other items associated with the manufacture of methamphetamine. (Id) Gibson admitted that he sometimes manufactured methamphetamine and sometimes traded pseudoephedrine pills to others for methamphetamine. (Id)

Gibson was indicted by the Federal Grand Jury sitting at Cape Girardeau, Missouri on April 15, 2010, and was charged with on count of possession of pseudoephedrine with intent to manufacture methamphetamine in violation of Title 21, United States Code, Section 841(c). (Doc 2)

On July 9, 2010, Gibson plead guilty as charged pursuant to a written plea agreement and stipulation with the Government and the matter was set over for a sentencing hearing. This Court sentenced Gibson to 72 months of incarceration, followed by two years of supervised release. Gibson did not appeal, but subsequently filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, herein.

## II.     NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**III.     DISCUSSION**

**A.     MOVANT WAIVED HIS RIGHT TO CONTEST THE SEIZURE OF EVIDENCE.**

For his first contention of error, Gibson states "that the government utilized evidence obtained from an illegal search of his mother's home." (§ 2255 Motion p. 2) Gibson implies that he did not give a valid consent for the police to search the property where he lived with his mother. (Id)

Preliminarily, Gibson has waived his right to contest the propriety of the search. On May

20, 2010, Gibson appeared in open court with his attorney , was advised of his right to file

pretrial motions and have an evidentiary hearing, and voluntarily waived his right to file or

proceed on such motions. (Doc 28)

As a part of his written plea stipulation with the United States, Gibson agreed that:

In the event the Court accepts the plea, as part of this agreement, both the
defendant and the government hereby waive all rights to appeal all
nonjurisdictional issues including, but not limited to, any issues relating to pre-
trial motions, hearings and discovery and any issues relating to the negotiation,
taking or acceptance of the guilty plea or the factual basis for the plea. (Plea Stip,
p. 3)

Additionally, Gibson agreed that he would not contest his conviction in a proceeding like

this on, except for the grounds of prosecutorial misconduct or ineffective assistance of counsel.

The defendant further agrees to waive all rights to contest the conviction or
sentence in any post-conviction proceeding, including one pursuant to Title 28,
United States Code, Section 2255, except for claims of prosecutorial misconduct
or ineffective assistance of counsel at the time of sentencing. (Plea Stip, p. 4)

Independent of the waivers contained in the written plea stipulation, Movant, as a matter

of law, has waived his right to contest his conviction based on a violation of his constitutional

rights which is alleged to have occurred prior to the entry of his plea of guilty herein:

When a criminal defendant has solemnly admitted in open court that he is in fact
guilty of the offense with which he is charged, he may not thereafter raise
independent claims relating to the deprivation of constitutional rights that
occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S.
258, 266 (1973), 93 S.Ct. 1602, 1608.

No evidence supports Gibson's assertion that he did not give a valid consent to search his

residence. Gibson states that he was:

...arrested and was taken to the jail. Once there the officer had me sign a consent
to search form, initial some questions on another form and sign it too. I wasn't
told I had a right to not sign the consent form. It was more of a demand that I sign

it. (§ 2255 Motion, p. 3).

To begin with, Gibson has a long history of criminality, which starts with his conviction

on two counts of burglary second at age 19. (PSR ¶ 26) Mr. Gibson also has convictions for

misdemeanor theft (PSR ¶ 30), forgery (PSR ¶ 34), assault 3rd (PSR ¶ 38), possession of a

controlled substance (PSR ¶ 42), violation of an order of protection (PSR ¶ 46) and driving while

licence is revoked (PSR ¶ 50). Gibson is clearly no stranger to the justice system and is in a

difficult position from which to make the claim that he did not have at least a basic

understanding of his constitutional rights prior to this incident.

Nor, can he credibly indicate that he was not advised that he had the right to refuse

consent. The Permission to Search form which Gibson admits to having signed clearly states:

> Knowing of my lawful right to refuse to consent to such a search, I willingly
> give my permission to the above-names Law Enforcement Officer to conduct a
> complete search of the premises and property, including all buildings and
> vehicles, both inside and outside of the property located at.... (Govt Ex B)

When Gibson was interviewed by officers about this offense, he made statements that

they incorporated into a written statement which he reviewed and signed. One of the questions

and answers that Gibson was asked and made is:

Q:     Did you give us permission to search your residence?

A:     Yes. (Exhibit C)

As a part of the written plea agreement in this matter, Gibson agreed to a factual basis for

the offense which states in relevant part that:

> On April 8, 2010, Scott County Sheriff's Deputies conducted a knock and talk
> investigation at the residence of Travis Wayne Gibson near Benton, Missouri.
> Gibson provided officers with consent to search his residence and officers located
> an amount of pseudoephedrine pills and some substance which tested positive for

methamphetamine. Gibson waived his Miranda rights and told officers that he had obtained a total of 14 grams of methamphetamine from two different sources, and had somewhere between 1,400 and 1,500 pseudoephedrine pills.
1,276 thirty milligram pseudoephedrine pills were recovered as well as some crushed pill material and other items associated with the manufacture of methamphetamine. Gibson admitted that he sometimes manufactured methamphetamine and sometimes traded pseudoephedrine pills to others for methamphetamine. The defendant and the government agree that the facts set forth above are true and may be considered as "relevant conduct" pursuant to Section 1B1.3. (Plea Stip, pp. 9-10)

During the plea colloquy, the prosecutor was asked to give a factual basis for the offense, which closely tracked the language of the plea stipulation, including the portion about Gibson's giving consent to the officers to search his residence.

As indicated on page nine of the plea agreement which is number paragraph four, the government would prove beyond a reasonable doubt that on April 8, 2010, Scott County deputies -- Scott County sheriff's deputies conducted a knock and talk investigation at the residence of Mr. Gibson near Benton, Missouri. Mr. Gibson provided officers with consent to search his residence and located an amount of pseudoephedrine pills and the substance tested positive for methamphetamine. (TRS Plea, pp. 10-11)

This Court then ask Gibson directly if that was correct:

COURT: All right. Have you heard the statements from the prosecutor?

GIBSON: Yes, sir.

COURT: Is everything he said true.

GIBSON: Yes, sir.

COURT: No question about it?

GIBSON: No, sir.

COURT: You admit that you engaged in all the conduct that he described?

GIBSON: Yes, sir. (TRS Plea, p. 11)

In short, nothing in the record indicates that Gibson did not give a valid consent to search at the time of his arrest. Even if there was evidence at this point that the voluntariness of the consent might have been an issue in the case, Gibson has clearly waived any right to contest that point. This ground shall therefore be dismissed without the need of any further proceedings.

**B.**     **MOVANT DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL.**

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" ". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". Id. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

Here, Gibson makes the allegation that his attorney was ineffective for failing to contest

the voluntariness of his consent to search.

> Gibson's defense counsel was ineffective for failing to raise the Fourth
> Amendment violation before the court. Even at the behest of Gibson to raise the
> matter, counsel refused to advised the issue. (Doc 1, p.4)

There is simply no credible evidence to support the fact that Gibson requested his

attorney to file a motion to suppress evidence in this matter. In fact the records of the case

clearly show that Gibson never expressed any dissatisfaction about his attorney's performance in

the case. The written plea stipulation clearly addressed the issue of Gibson's satisfaction with his

attorney.

> The defendant is fully satisfied with the representation received from defense
> counsel. The defendant has reviewed the government's evidence and discussed
> the government's case and all possible defenses and defense witnesses with
> defense counsel. Defense counsel has completely and satisfactorily explored all
> areas which the defendant has requested relative to the government's case and any
> defenses. (Plea Stip, p. 13)

Likewise this Court addressed this issue personally with Gibson at the time of the plea as

well.

| | |
|---|---|
| COURT: | Because this is a criminal case, you are entitled to the effective representation of the lawyer at each stage of the proceedings against you. Mr. Skrien is the lawyer the Court appointed to represent you. Are you satisfied with the way he's handled your case? |
| GIBSON: | Yes, sir. |
| COURT: | Has he investigated the case to your satisfaction? |
| GIBSON: | Yes, sir. |
| COURT: | If there were any witnesses that you told him about or things that you asked him to do, has he done all of those things? |
| GIBSON: | Yes, sir. |

COURT:      He's done everything you asked him to do then?

GIBSON:     Yes, sir.

COURT:      You have no gripes or complaints at all then?

GIBSON:     No, sir. (TRS Plea, pp. 5-6)

The record does not reflect that Gibson ever had any dissatisfaction with his attorney in

any respect, nor that he ever wanted him to file a motion to suppress evidence in the case. In

order to obtain relief on this theory the preliminary question is whether the motion, if made,

would have ultimately been successful. If not then counsel can not be considered to be

ineffective for failing to file a motion upon which a defendant would not have prevailed. *United*

*States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) An attorney is under no obligation to pursue

an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988)

Gibson has not established that he ever requested his attorney to file a motion to suppress

evidence, and more importantly, has not established that he had any likelihood of winning such

as motion. As such Gibson's contention that he received ineffective assistance of counsel is

simply without merit. This ground shall also be dismissed without the necessity of an

evidentiary hearing.

**C.      GIBSON HAS WAIVED ANY OBJECTION TO THE INDICTMENT.**

In his final claim Gibson makes an allegation as to the validity of the indictment.
Finally, Gibson wants the Court aware that the U.S. Attorney was able to get an
indictment in the criminal case "before" having any tests conducted by any labs.
Therefore the government indicted with no evidence. (Doc 1, p.6)

Generally speaking, failure to raise a challenge to an indictment prior to trial constitutes a

waiver of that claim. *United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009). Pleading

guilty admits all of the elements of an offense and also waives any challenges to the prosecution, except for a challenge to the Court's jurisdiction. *United States v. Mack*, 853 F.2d 585 (8th Cir. 1988). As this allegation is not a challenge to the Court's jurisdiction, this issue has been waived.

Nor was there a need to obtain lab reports prior to indictment anyway, as Gibson admitted to the officers that the pills that they found were in fact pseudoephedrine pills. Additionally, pseudoephedrine pills are generally readily identifiable from their markings. There is no merit to this contention and this ground shall be dismissed without the need of an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, Gibson's § 2255 motion is **DENIED**.

Dated this 24th day of February, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE